# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Detention of: | No. 58571-5-II |
| Z.B.-F., | |
| Appellant. | UNPUBLISHED OPINION |

PRICE, J. — Z.B.-F. appeals from the trial court's denial of his motion for a mistrial. Z.B.-F. was involved in a jury trial for 90-day involuntary treatment under the "Involuntary Treatment Act" (ITA), chapter 71.05 RCW. Under the ITA, a person has the right to refuse psychiatric medications within the 24 hours leading up to their trial. Yet, following an altercation with a nurse after the first day of his trial, Z.B.-F. was forcibly given antipsychotic medication.

Z.B.-F.'s counsel argued that the medication violated Z.B.-F.'s rights and moved for a mistrial. Commenting that a continuance might be more appropriate, the trial court denied the motion. Z.B.-F. did not thereafter request a continuance. The trial went on, resulting in an order for a 90-day commitment.

Z.B.-F. appeals, arguing that his motion for a mistrial implicitly meant that he consented to a continuance and that the trial should have continued the trial. We disagree and affirm the trial court.

## FACTS

In June 2023, Z.B.-F. hit a social worker at the adult family home where he resided. Law enforcement transported Z.B.-F. to a hospital, where he also hit a nurse and "was speaking

nonsensically and in a very deteriorated state." 4 Verbatim Rep. of Proc. (VRP) at 237. A designated crisis responder evaluated Z.B.-F. and approved a short-term detention at a mental health treatment facility. Z.B.-F. was then transferred to a local treatment facility.

Six days later, a superior court commissioner found Z.B.-F. to be gravely disabled and therefore ordered a 14-day commitment for involuntary treatment. During his 14-day commitment, a treatment professional filed a petition for a 90-day involuntary treatment order for Z.B.-F. The provider believed Z.B.-F. would be a risk to himself and others if released into the community. Z.B.-F. requested a jury trial.

Z.B.-F.'s jury trial was set to begin the morning of August 15, 2023. Consistent with his right to decline psychiatric medications 24 hours before a trial, the staff at the facility consulted Z.B.-F. about taking his medications on August 14. *See* RCW 71.05.210(1)(b). Z.B.-F. did not (or could not) respond to inform staff of his wishes. In those situations, the facility staff is instructed to not provide medication to the patient for the 24 hours preceding the trial, and none was provided to Z.B.-F. at that time. However, later that day, Z.B.-F. agreed to receive medication for the next 24 hours (until 12:00 pm, noon, on August 15).

Z.B.-F.'s trial began the next day, August 15, as scheduled. That morning, facility staff again consulted with Z.B.-F. about his wishes to receive medication that day. Again, Z.B.-F. was either unable or unwilling to respond and was therefore not administered any psychiatric medications.

But after the end of the first day of trial, at 9:00 pm that evening, Z.B.-F. had a violent outburst and hit a nurse. At that point, another staff member forcibly injected Z.B.-F. with antipsychotic medication.

On August 16, the second day of trial, Z.B.-F.'s counsel informed the trial court that Z.B.-F. had been forcibly given medication the night before and moved for a mistrial. Outside the presence of the jury, the trial court heard testimony about Z.B.-F.'s acceptance of prior doses of medication, his silence on whether he wanted his medications on August 15, and his assaultive behavior and subsequent forced medication later that evening.

Following the testimony, the trial court voiced hesitancy about whether a mistrial was the appropriate remedy:

> One, had this issue been fleshed out in a timely manner, I think—I'm not convinced this is the right response—I would think that the appropriate remedy would be either a delay in the trial, a Motion to Continue, something to that effect. I'm not convinced that a mistrial is the appropriate remedy.
>
> Having said that, if there were a violation of the statute and if that equated to total disregard and the fact that we have now done a morning of testimony without fleshing out this issue and now find out that perhaps there is this potential statutory violation, then perhaps a mistrial would be the correct remedy.

4 VRP at 303. The trial court then determined that there was not a "statutory violation and/or a total disregard . . . that would merit a mistrial." 4 VRP at 304. The trial court denied Z.B.-F.'s motion for a mistrial. At no point did Z.B.-F.'s counsel move for a continuance to delay the trial based on the forced medication. The trial proceeded, with the result being an order for a 90-day commitment.

Z.B.-F. appeals.

## ANALYSIS

Z.B.-F. argues that the trial court violated his rights under the ITA when it allowed his trial to proceed despite being forcibly medicated. Z.B.-F. contends that when he moved for a mistrial,

3

the mistrial motion implicitly conveyed consent for a continuance and, therefore, the trial court should have granted a continuance. We disagree.

We review the decision to grant or deny a motion for a mistrial or a continuance for an abuse of discretion. *Helmbreck v. McPhee*, 15 Wn. App. 2d 41, 67, 476 P.3d 589 (2020), *review denied*, 196 Wn.2d 1047 (2021); *State v. Denton*, 23 Wn. App. 2d 437, 449, 516 P.3d 422 (2022). An abuse of discretion occurs if the trial court's decision is manifestly unreasonable or exercised on untenable grounds or for untenable reasons. *In re Det. of D.H.*, 1 Wn.3d 764, 774, 533 P.3d 97 (2023). An abuse of discretion arises when no reasonable judge would have made the same decision. *State v. Garcia*, 177 Wn. App. 769, 776, 313 P.3d 422 (2013), *review denied*, 179 Wn.2d 1026 (2014).

The ITA provides that a person can be committed for 90 or 180 days of involuntary treatment for a behavioral health disorder if the person is in danger due to being gravely disabled or poses a risk of serious harm to themselves or others. RCW 71.05.280(1), (4), .310. To seek a 90-day involuntary treatment, a professional person in charge of a treatment facility or a designated crisis responder may petition the trial court for an order requiring the additional treatment period. RCW 71.05.290(1). "Involuntary commitment for mental disorders constitutes a significant deprivation of liberty that requires due process protections." *In re Det. of C.W.*, 147 Wn.2d 259, 277, 53 P.3d 979 (2002). And because the ITA impacts liberty interests, it is strictly construed. *In re Det. of A.C.*, 1 Wn.3d 731, 740-41, 533 P.3d 81 (2023).

Under the due process clause of the Fourteenth Amendment to the United States Constitution, patients possess a significant liberty interest in avoiding unwanted administrations of antipsychotic drugs. *In re Det. of L.K.*, 14 Wn. App. 2d 542, 547-48, 471 P.3d 975 (2020).

4

Relatedly, the ITA states that a patient has the right to refuse psychiatric medication 24 hours before a trial or hearing. RCW 71.05.210(1)(b). But forced medication in violation of this provision alone will not warrant dismissal of a case. *In re Det. of G.V.*, 124 Wn.2d 288, 293-94, 877 P.2d 680 (1994).

The trial court may grant a continuance in a commitment case if it is required in the proper administration of justice and the respondent will not be substantially prejudiced in the presentation of their case or if the respondent expresses consent and there is a showing of good cause. RCW 71.05.236(1)(a), (b).

Here, Z.B.-F. concedes that forced medication alone is not a basis for a mistrial, and he makes no argument that the trial court should have granted his motion for a mistrial. Instead, Z.B.-F. frames his appeal as the trial court should have granted a continuance. Z.B.-F. argues that through his motion for a mistrial, he "implicitly consented to a continuance." Opening Br. of Appellant at 11. Accordingly, Z.B.-F. asks that we reverse the jury's verdict and strike the order detaining him for involuntary treatment.

But Z.B.-F. moved for a mistrial, not a continuance. In discussing the motion, the trial court was hesitant about whether a mistrial was warranted and expressly brought up the possibility of a continuance. The trial court stated, "I'm not convinced this [requested mistrial] is the right response—I would think that the appropriate remedy would be either a delay in the trial, a Motion to Continue, something to that effect. I'm not convinced that a mistrial is the appropriate remedy." 4 VRP at 303. Z.B.-F.'s counsel met these comments with silence; counsel did not, at any point, mention a continuance, much less request one.

No. 58571-5-II

Z.B.-F. cites authority that supports the principle that a continuance may be an appropriate remedy when forced medication has been given within 24 hours of a hearing in violation of the respondent's rights. While that may be true, Z.B.-F. provides no authority for the proposition that requesting a mistrial implicitly includes consenting to a continuance. And he provides no authority that the trial court should have granted a continuance on its own accord on these facts, without a motion from counsel. It is plausible that a respondent would have legitimate reasons to desire a mistrial but be unwilling to agree to a continuance. In fact, that appears to be the case here where the trial court overtly mentioned the viability of a continuance and Z.B.-F.'s counsel still said nothing.

Under these facts, we decline to find the trial court erred by not granting a continuance when no motion for one was made.

## CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

MAXA, P.J.

LEE, J.

6